**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EBONY JONES, on behalf of all others similarly situated, known and unknown<br><br>Plaintiff,<br><br>v.<br><br>CBC RESTAURANT CORP. d/b/a, CORNER BAKERY CAFE,<br><br>Defendant. | Case No. 19-cv-06736 |

## NOTICE OF REMOVAL

Defendant CBC Restaurant Corp. ("Defendant"), for its Notice of Removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, states as follows:

### State Court Action

1. Plaintiff Ebony Jones ("Plaintiff") commenced a civil action in the Circuit Court of Cook County, Illinois, by filing a Complaint on August 30, 2019, captioned Ebony Jones v. CBC Restaurant Corp. d/b/a, Corner Bakery Cafe, Case No. 2019CH10119. CBC Restaurant Corp. was served with the Summons and Complaint on September 12, 2019. Copies of the Complaint and Summons are attached as Exhibit A.

### Timeliness

2. This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b) in that it is filed within thirty (30) days after September 12, 2019, the first date on which Defendant was served with a copy of the Complaint, the first pleading from which it could be ascertained that the action is removable.

### Nature of Claims

3. Plaintiff brings a Class Action Complaint ("Complaint") against Defendant pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). (Complaint, ¶¶ 1, 28, 32). Plaintiff purports to bring this Complaint on behalf of herself and a Class defined as follows: "Defendant's employees who scanned their fingerprints in Defendant's biometric time clock system in Illinois between August 30, 2014 and the present." (Complaint, ¶28).

### Bases for Removal

**A. Diversity Pursuant to 28 U.S.C. § 1332**

4. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's claims because of diversity of citizenship and the amount in controversy exceeds $75,000.

5. At the time Plaintiff filed its action, and to the present date, complete diversity of citizenship exists between Plaintiff and Defendant:

   a. Plaintiff is a resident of Illinois. (Complaint, ¶15)

   b. Defendant is a Delaware corporation, with its principal place of business in Dallas, Texas. (Complaint, ¶¶ 16, 17). Thus Defendant is a citizen of Delaware and Texas. 28 U.S.C. § 1332(c)(1).

6. On behalf of Plaintiff and the Class that Plaintiff purports to represent, Plaintiff is seeking, *inter alia*, "liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2)" and "reasonable attorneys' fees and costs." (Complaint, ¶¶ 47, 54).

7. Under 740 ILCS 14/20, a prevailing party may recover for each violation liquidated damages of at least $1,000 or actual damages, whichever is greater.

8. Since 2017, when Plaintiff alleges that CBC began requiring employees to use a biometric time clock, CBC has employed over 1000 employees who have used finger-scanning equipment at a Defendant's restaurant in Illinois to clock in and out of work. (Declaration of Denise Clemens attached hereto as Exhibit B, ¶¶ 4, 5).

9. In her Complaint, Plaintiff alleges she and other employees were required to scan their fingerprints each time they clocked in or out of work beginning in 2017. (Complaint, ¶¶ 3, 4). Plaintiff alleges that she was employed by Defendant from "mid-2012 to August 2018." (Complaint ¶2.) Between December 31, 2017—which is the last date encompassed by Plaintiff's allegations—and Plaintiff's separation on July 27, 2018, Plaintiff worked approximately 90 days. (Clemens Declaration, ¶4). Thus, regardless of when in 2017 Plaintiff claims she began to utilize a biometric timeclock, on the face of her Complaint, Plaintiff alleges that she alone scanned her finger more than 75 times during her employment with Defendant.

10. Accordingly, at the time Plaintiff filed her action, and to the present date, the allegations of Plaintiff's Complaint indicate the amount in controversy exceeds $75,000.

11. This action, therefore, is removable to the Court pursuant to 28 U.S.C. §§ 1332 and 1441 based on the Court's original diversity jurisdiction.

B. **Removal Is Proper Under CAFA**

12. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because this is a purported "class action" (Complaint, ¶¶ 1, 28, 32) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant").

13. Minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." Here, Plaintiff is from Illinois and Defendant is from Delaware and Texas.

14. The amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint alleges that each class member is entitled to statutory damages of up to $1,000 "per violation" and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. §1332(d)(6). Since December 31, 2017, CBC has employed over 1000 employees who scanned their finger in and out for approximately 200 days/year at $1,000 per violation, which according to Plaintiff's allegations would equate to more than $400,000,000 (1000 employees x 2 scans/day = 2000 scans x 200 work days/year = 400,000 x $1,000 = $400,000,000). (Clemens Declaration, ¶5). Thus, the maximum amount in controversy is in excess of $5,000,000. (*Id.*).

## Notice

15. Pursuant to 28 U.S.C. 1446(d), a copy of this Notice of Removal is being submitted for filing to the Clerk of the Circuit Court of Cook County, and is being served upon Plaintiff. A copy of Defendant's Notice of Filing of Notice of Removal is attached as Exhibit C.

16. This action is, therefore, properly removable to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441, and Defendant hereby removes this action to this Court.

WHEREFORE, Defendant respectfully requests that this matter be removed to the United States District Court for the Northern District of Illinois, and requests that this Court assume full jurisdiction over this action as provided by law.

Dated: October 11, 2019                  Respectfully submitted,

                                CBC RESTAURANT CORP. d/b/a,
                                CORNER BAKERY CAFE,

                                By:     <u>s/ Craig R. Thorstenson</u>
                                           Attorney for the Defendant
                                           Craig R. Thorstenson
                                           IL ARDC#: 6198153

Craig R. Thorstenson
IL ARDC #: 6198153
cthorstenson@fordharrison.com
Becky L. Kalas
IL ARDC #: 6279983
bkalas@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, Il 60601
(312) 332-0777 – Telephone
(312) 332-6130 – Facsimile

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing NOTICE OF REMOVAL was filed electronically with the Northern District of Illinois on October 11, 2019, and is available for viewing and downloading from the Electronic Case Filing (ECF) System.

Service of this NOTICE OF REMOVAL was made upon the following NON-ECF user by depositing same in the U.S. Mail depository located at 180 North Stetson Avenue, Chicago, Illinois, with proper first class postage prepaid, before the hour of 5:00 p.m. on October 11, 2019, addressed as follows:

>     Douglas M. Werman
>     WERMAN SALAS P.C.
> 77 W. Washington Street, Suite 1402
>        Chicago, IL 60602

>                    s/Craig R. Thorstenson
>                    Attorney for Defendant
>                    Craig R. Thorstenson
>                    IL ARDC # 6198153

Craig R. Thorstenson
IL ARDC #: 6198153
cthorstenson@fordharrison.com
Becky L. Kalas
IL ARDC #: 6279983
bkalas@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, Il 60601
(312) 332-0777 – Telephone
(312) 332-6130 – Facsimile

WSACTIVELLP:10868607.1