**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

EBONY JONES, on behalf of all others
similarly situated, known and unknown

     Plaintiff,

  v.

CBC RESTAURANT CORP. d/b/a,
CORNER BAKERY CAFE,

     Defendant.

Case No. 19-cv-06736

**TABLE OF EXHIBITS TO NOTICE OF REMOVAL**

- Exhibit A:  Class Action Complaint and Summons

- Exhibit B:  Declaration of Denise Clemens

- Exhibit C:  Defendant's Notice of Filing of Notice of Removal

Craig R. Thorstenson
IL ARDC #: 6198153
cthorstenson@fordharrison.com
Becky L. Kalas
IL ARDC #: 6279983
bkalas@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, Il 60601
(312) 332-0777 – Telephone
(312) 332-6130 – Facsimile

**EXHIBIT A**

Hearing Date: 12/30/2019 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
    Cook County, IL

FILED
8/30/2019 3:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

6404581

FILED DATE: 8/30/2019 3:04 PM    2019CH10119

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons             (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EBONY JONES

                (Name all parties)

          v.

CBC RESTAURANT CORP. d/b/a CORNER BAKERY CAFE

Case No. 2019CH10119

☒ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant: CBC Restaurant Corp. d/b/a Corner Bakery Cafe c/o Registered Agent: IL Corp. Service C
801 Adlai Stevenson Drive, Springfield, IL 62703

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons,** not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Summons - Alias Summons                                   (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 8/30/2019 3:04 PM    2019CH10119

Atty. No.: 42031

Atty Name: Douglas M. Werman

Atty. for: Plaintiff

Address: 77 W. Washington Street, Suite 1402

City: Chicago

State: IL    Zip: 60602

Telephone: (312) 419-1008

Primary Email: dwerman@flsalaw.com

Witness: _____

8/30/2019 3:04 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 8/30/2019 3:04 PM  2019CH10119

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Hearing Date: 12/30/2019 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
      Cook County, IL

FILED
8/30/2019 3:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 8/30/2019 3:04 PM  2019CH10119

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT, CHANCERY DIVISION**

EBONY JONES,
on behalf of herself and all other
persons similarly situated,
known and unknown,

      Plaintiff,

v.

CBC RESTAURANT CORP. d/b/a
CORNER BAKERY CAFE

      Defendant.

Case No. 2019CH10119

6404581

Judge

## CLASS ACTION COMPLAINT

Ebony Jones ("Plaintiff"), files this Class Action Complaint ("Complaint") against CBC Restaurant Corp. d/b/a Corner Bakery Cafe ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1.     Defendant is a casual dining restaurant chain.

2.     Plaintiff was employed by Defendant as a cashier at its restaurant located at 200 N. LaSalle in Chicago, Illinois from approximately mid-2012 to August 2018.

3.     Starting in 2017, Defendant required employees to use a biometric time clock system to record their time worked.

4.     Defendant required Plaintiff and other employees to scan their fingerprints in Defendant's biometric time clock each time they started and finished working, including punching in and out for lunch breaks.

5.     Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

1

FILED DATE: 8/30/2019 3:04 PM   2019CH10119

6.     By requiring employees to scan their fingerprints to record their time, instead of identification numbers or badges only, Defendant ensured that one employee could not clock in for another.

7.     Thus, there's no question that Defendant benefited from using a biometric time clock.

8.     But there's equally no question that Defendant placed employees at risk by using their biometric identifiers to "punch the clock."

9.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

10.     As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

11.     Defendant collected, stored, used, and transferred the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

12.     As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and other similarly-situated employees.

**JURISDICTION AND VENUE**

13.     This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

2

FILED DATE: 8/30/2019 3:04 PM  2019CH10119

14.     Cook County is an appropriate venue for this litigation because Defendant is located in Cook County, does business there, and the events giving rise to this lawsuit happened there.

**THE PARTIES**

15.     Plaintiff is an individual who is a citizen of Illinois.

16.     Defendant is a Delaware corporation.

17.     Defendant's principal office is in Dallas, Texas.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

18.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

19.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

20.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

FILED DATE: 8/30/2019 3:04 PM   2019CH10119

21.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

22.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

23.     When Plaintiff scanned her fingerprint in Defendant's biometric time clock, Defendant captured and stored Plaintiff's fingerprint, or a representation derived from Plaintiff's fingerprint.

24.     When Plaintiff scanned her fingerprint in Defendant's biometric time clock, her fingerprint – or a representation derived from her fingerprint – was disseminated and disclosed by Defendant to Defendant's time-keeping vendor.

25.     Defendant never provided Plaintiff any written materials stating that it was collecting, retaining, or disseminating her fingerprint or a representation derived from her fingerprint.

26.     Defendant never obtained Plaintiff's written consent, or release as a condition of employment, authorizing the collection, storage, dissemination, or use of her fingerprint or a representation derived from Plaintiff's fingerprint.

FILED DATE: 8/30/2019 3:04 PM  2019CH10119

27.     Defendant violated Plaintiff's privacy by capturing or collecting her unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without her consent.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff seeks to represent a class of Defendant's employees who scanned their fingerprints in Defendant's biometric time clock system in Illinois between August 30, 2014 and the present ("the Class").

29.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their fingerprints in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

30.     The Class includes more than 75 members.

31.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

32.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant required the Class to scan their fingerprints to clock in and out during shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

33.     These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

34.     Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

FILED DATE: 8/30/2019 3:04 PM    2019CH10119

35.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

36.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

37.     The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendant provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

38.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

39.     Plaintiff retained counsel experienced in complex class action litigation.

## COUNT I
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))
### (Class Action)

40.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

41.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

42.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

43.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's fingerprints.

44.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing that Defendant was doing so.

6

FILED DATE: 8/30/2019 3:04 PM   2019CH10119

45.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

46.     Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

47.     Defendant knew or should have known of the requirements of the Biometric Information Privacy Act because the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant began using a biometric time clock in Illinois.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.      Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.      Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.      Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.      Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

FILED DATE: 8/30/2019 3:04 PM   2019CH10119

**COUNT II**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))**
**(Class Action)**

48.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

49.     Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

50.     Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

51.     Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's fingerprints.

52.     Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

53.     Defendant knew or should have known of the requirements of the Biometric Information Privacy Act because the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant began using a biometric time clock in Illinois.

54.     As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

8

FILED DATE: 8/30/2019 3:04 PM   2019CH10119

B.    Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT III
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(d))
### (Class Action)

55.    Plaintiff realleges and incorporates the previous allegations of this Complaint.

56.    Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

57.    Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

58.    Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's fingerprints.

59.    Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's fingerprints and information based on their fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

60.    Defendant knew or should have known of the requirements of the Biometric Information Privacy Act because the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant began using a biometric time clock in Illinois.

61.    As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

9

FILED DATE: 8/30/2019 3:04 PM   2019CH10119

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated:  August 30, 2019

/s/ Douglas M. Werman
One of Plaintiff's Attorneys

Attorney No. 42031
Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Jacqueline H. Villanueva (jvillanueva@flsalaw.com
**WERMAN SALAS P.C.**
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

*Attorneys for Plaintiff*

10


CSC

# Notice of Service of Process

null / ALL
Transmittal Number: 20384640
Date Processed: 09/13/2019

| Primary Contact: | Kellie Keating<br>CBC Restaurant Corp.<br>12700 Park Central Dr<br>Ste 1300<br>Dallas, TX 75251-1523 |
|---|---|
| Electronic copy provided to: | LJ Roberts |

| Entity: | CBC Restaurant Corp.<br>Entity ID Number 2415091 |
|---|---|
| Entity Served: | CBC Restaurant Corp. d/b/a Corner Bakery Cafe |
| Title of Action: | Ebony Jones vs. CBC Restaurant Corp. d/b/a Corner Bakery Cafe |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Cook County Circuit Court, IL |
| Case/Reference No: | 2019CH10119 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 09/12/2019 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Douglas M. Werman<br>312-419-1008 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

EBONY JONES, on behalf of herself and all
other persons similarly situated, known and
unknown,

    Plaintiff,

  v.

CBC RESTAURANT CORP. d/b/a CORNER
BAKERY CAFE,

    Defendant.

Case No. _____

## DECLARATION OF DENISE CLEMENS

  I, Denise Clemens, declare under oath that I am over the age of eighteen, have personal knowledge of the following facts and can testify to them, if called upon to do so:

  1.  I am the Senior Vice President People Resources for CBC Restaurant Corp. ("CBC"), the Defendant in this lawsuit, and I make this declaration based on my employment in this capacity and my review of CBC's business records, maintained in the ordinary course of business.

  2.  CBC is a Delaware corporation, with its principal place of business located at 12700 Park Central Dr., Suite 1300, Dallas, TX, 75251-1523.

  3.  Ebony Jones was employed by CBC from July 18, 2012 through July 27, 2018.

  4.  Plaintiff claims that CBC required her to begin using fingerprint scans for timekeeping purposes in 2017. Between December 31, 2017—the latest date encompassed by Plaintiff's allegations—and the date of Plaintiff's separation, Plaintiff worked approximately 90 days. If as alleged by Plaintiff she scanned in and out two times per day and each scan is a violation to be assessed $1,000, then this would equate to more than $75,000.

1

5.      Since December 31, 2017, CBC has employed in excess of 1000 employees who scanned their finger in and out for approximately 200 days/year, and if as asserted by Plaintiff each swipe is a violation and each violation is assessed at $1,000 per violation, this would equate to more than $400,000,000 (1000 employees  x 2 scans/day = 2000 scans x 200 work days/year = 400,000 x $1,000 = $400,000,000).

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 11th day of October, 2019.


_____
Denise Clemens

WSACTIVELLP:10868729.1

2

**EXHIBIT C**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

EBONY JONES, on behalf of all others
similarly situated, known and unknown

        Plaintiff,

    v.

CBC RESTAURANT CORP. d/b/a,
CORNER BAKERY CAFE,

        Defendant.

Case No. 2019CH10119

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

To:    Chief Deputy Clerk, Chancery Division
       Circuit Court of Cook County
       Richard J. Daley Center
       50 West Washington Street, Room 802
       Chicago, IL 60602

       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendant CBC Restaurant Corp. filed on October 11, 2019 a Notice of Removal in the above-

captioned matter in the United States District Court for the Northern District of Illinois, Eastern

Division.  A copy of the Notice of Removal is attached at Tab 1.

       Pursuant to 28 U.S.C. § 1446(d), this shall effect the removal of this case, and the State

Court shall proceed no further unless and until the case is remanded.

Dated: October 11, 2019        Respectfully submitted,

                CBC RESTAURANT CORP. d/b/a,
                CORNER BAKERY CAFE,

            By:    <u>s/ Craig R. Thorstenson</u>
                  Attorney for the Defendant
                  Craig R. Thorstenson (IL ARDC #:6198153)

Craig R. Thorstenson
IL ARDC #: 6198153
cthorstenson@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, Il 60601
(312) 332-0777- Telephone
(312) 332-6130 - Facsimile
Cook County Firm ID No. 43346

## CERTIFICATE OF FILING AND SERVICE

The undersigned, an attorney, certifies that on October 11, 2019, they electronically filed the foregoing NOTICE OF FILING OF NOTICE OF REMOVAL with the Circuit Court of Cook County, Illinois, Chancery Division, by using the Odyssey EfileIL system.

The undersigned, an attorney, further certifies that they caused a copy of the foregoing NOTICE OF FILING OF NOTICE OF REMOVAL to be served upon the following attorney of record for Plaintiff, by electronic mail to the email address below, on October 11, 2019:

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Jacqueline H. Villanueva (jvillanueva@flsalaw.com)

s/ Craig R. Thorstenson

Craig R. Thorstenson
IL ARDC #: 6198153
cthorstenson@fordharrison.com
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, Il 60601
(312) 332-0777- Telephone
(312) 332-6130 - Facsimile
Cook County Firm ID No. 43346

WSACTIVELLP:10869029.1