**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EBONY JONES, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>CBC RESTAURANT CORP d/b/a CORNER BAKERY CAFE,<br><br>        Defendant. | Civil Action No. 1:19-cv-06736<br><br>Judge Jorge L. Alonso |

**INDEX OF EXHIBITS TO PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Class Action Settlement Agreement ................................................................................1

Notice of Class Action Settlement ................................................................Attachment A

Declaration of Douglas M. Werman .................................................................................2

Declaration of Zachary C. Flowerree ...............................................................................3

[Proposed] Preliminary Approval Order ...........................................................................4

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

EBONY JONES, on behalf of herself
and others similarly situated,

      Plaintiff,

          v.

CBC RESTAURANT CORP d/b/a
CORNER BAKERY CAFE,

      Defendant.

Civil Action No. 1:19-cv-06736

Judge Jorge L. Alonso

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") is made by Plaintiff Ebony Jones ("Plaintiff" or "Class Representative"), individually and on behalf of the class members she seeks to represent ("Class Members," as defined below), and CBC Restaurant Corporation d/b/a Corner Bakery Cafe ("Defendant") (Class Representative and Defendant are collectively referred to as the "Parties"), in the above-captioned action ("Action").

## I.    FACTUAL AND PROCEDURAL HISTORY

On August 30, 2019, Plaintiff filed a Class Action Complaint in the Circuit Court of Cook County, Illinois alleging that Defendant violated the Illinois Biometric Information Privacy Act ("BIPA") by requiring Plaintiff and other employees to use a biometric fingerprint time clock to record their time worked. In particular, Plaintiff alleged that Defendant violated BIPA in three ways: (1) collecting Plaintiff's and the potential class's biometric identifiers and information without following BIPA's informed written consent procedures; (2) possessing Plaintiff's and the potential class's biometric identifiers and information without a publicly available data retention

schedule and destruction policy; and (3) transferring Plaintiff's and the potential class's biometric identifiers and information and to Defendant's timekeeping vendor without their written consent.

On September 25, 2019, Plaintiff filed her Motion for Class Certification. On October 11, 2019, Defendant removed the lawsuit from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. On November 15, 2019, Defendant filed a Motion to Dismiss Class Action Complaint Pursuant to FRCP 12(b)(6). In its Motion to Dismiss, Defendant argued that BIPA was unconstitutional for three reasons. First, Defendant argued that BIPA's minimum liquidated damages scheme violated the Separation of Powers provision of the Illinois Constitution by usurping the judiciary's authority to determine the proper amount of damages. Second, Defendant argued that BIPA violated the Equal Protection and Due Process clauses of the United States Constitution by arbitrarily excluding financial institutions and government contractors from coverage and by imposing minimum liquidated damages with no rational relation to any legitimate state interest. Third, Defendant argued that BIPA violated the Special Legislation provision of the Illinois Constitution by arbitrarily excluding financial institutions and government contractors from coverage. Plaintiff filed her Response to Defendant's Motion to Dismiss on December 20, 2019.

The Parties then moved for a 90-day stay of the lawsuit to allow them the opportunity to try and reach a settlement. The Court granted the stay on January 13, 2020 and denied Defendant's Motion to Dismiss without prejudice and with leave to refile.

On March 5, 2020, the Parties participated in a day-long mediation with JAMS mediator and retired federal Magistrate Judge Morton Denlow, an experienced BIPA mediator. Before and during the mediation, the parties exchanged information and legal authority regarding their respective positions. Through the assistance of Judge Denlow, the Parties' negotiated an arms-

length settlement and executed a Settlement Term Sheet. Following the mediation, the Parties continued to negotiate at arms-length through counsel to prepare this Class Action Settlement Agreement ("Settlement" or "Settlement Agreement").

## II.  DEFINITION OF "CLASS MEMBERS"; STIPULATION TO CERTIFICATION

This Settlement Agreement is applicable to all "Class Members," which are defined as:

All of Defendant's workers who used a finger-scan timekeeping system or biometric tracking system at a Corner Bakery in Illinois during the "Class Period" of August 30, 2014 to January 21, 2020.

There are 4,013 Class Members. For settlement purposes only, the Parties stipulate to certification of the above class under Rule 23(b)(3) of the Federal Rules of Civil Procedure and 735 ILCS 5/2-801 of the Illinois Code of Civil Procedure.

## III.  DEFENDANT'S DENIAL OF LIABILITY

Defendant expressly denies any liability or wrongdoing of any kind associated with BIPA and all other federal, state and local laws, as well as the common law, and maintains that it has complied with all applicable laws at all times. Defendant agrees to this Settlement to avoid the risk and disruption of continued litigation.

## IV.  SETTLEMENT TERMS

### 1.  Final Approval Date; Waiver of Appeal; and Effective Date

As used in this Settlement Agreement, "Final Approval" means the date on which the Court enters an order granting final approval of the Settlement, ("Final Approval Order."). Plaintiff and Defendant waive their right to appeal entry of the Final Approval Order, except that Class Counsel retains the right to appeal the award of attorneys' fees and costs if the Court awards less than requested in accordance with this Settlement Agreement. As a result, if the Court grants Class Counsel's requested fees and costs and there are no objections from any Class Members, the

"Effective Date" is the date of Final Approval. If any Class Member objects to the Settlement or if the Court awards less than Class Counsel's requested fees and costs, the "Effective Date" means the first date on which the Final Approval Order is no longer appealable, or if an appeal is filed, the date on which such appeal is resolved in favor of Settlement approval and no further action is required by the Court.

2.      **Direct Payment to Class Members**

Class Members shall not be required to submit a claim form to participate in this Settlement. Class Members who do not exclude themselves from the Settlement will be issued settlement checks.

3.      **Release of Claims**

a.   **Definitions**

As used in this Release of Claims section of the Settlement Agreement, the term "Released Parties" means CBC Restaurant Corporation, d/b/a Corner Bakery Café, and its past, present and future parents, subsidiaries, affiliates, predecessors, successors, assigns, holding companies, divisions, shareholders, principals, owners, members, trustees, administrators, executors, directors, officers, managers, employees, independent contractors, agents, board members, partners, attorneys, insurers, reinsurers, accountants, financial and other advisors, investment bankers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), underwriters and lenders, including without limitation IFCB Holding Corporation, Il Fornaio (America) Corporation and AIG Claims, Inc., as well as any and all manufacturers, suppliers, vendors and contractors of any fingertip scanning devices or biometric time tracking system utilized by Defendant, including without limitation the manufacturer of the DigitalPersona scan equipment used at Defendant's stores in Illinois, Xpient

4

Solutions, LLC, and Altametrics, LLC, and each of their respective past, present and future parents, subsidiaries, affiliates, predecessors, successors, employees and agents.

### b. Release for Class Members

Class Members who do not exclude themselves from this Settlement will release the Released Parties from all causes of action or claims reasonably arising out of allegations in the Class Action Complaint in this lawsuit, including without limitation those based on allegations that Defendant improperly collected, stored, possessed, used, disclosed, transmitted or transferred workers' biometric identifiers, biometric information or other fingerprint, finger scan or other biometric data in any of its systems that utilize biometric data, including but not limited to claims arising under the Biometric Information Privacy Act, and all other federal, state, and local law, including the common law, as well as related claims for money damages, liquidated damages, punitive or exemplary damages, penalties, injunctive relief, attorneys' fees and costs, expenses, and interest.

### c. General Release for Class Representative

In exchange for her Service Award, the Class Representative on behalf of Class Representative's descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges the Released Parties from any and all claims of every kind and nature in law and or equity whether now known or unknown, suspected or unsuspected that the Class Representative has or may have against the Released Parties from the beginning of the world to the date of execution of this Settlement Agreement, including but not limited to all claims which were made or which could have been made by the Class Representative in the Action, as well as arising out of or in any way connected with Class Representative's employment with Defendant.  These claims and rights released include, but are

not limited to, claims related to salary, bonuses, commissions, vacation pay, fringe benefits, expense reimbursements, severance pay, or any other form of compensation; and further include, without limitation, claims, whether statutory, at common law or otherwise, for wrongful termination of employment, breach of contract, detrimental reliance, promissory estoppel, infliction of emotional distress, defamation, fraud, breach of covenant of good faith and fair dealing, misrepresentation or any other tort, and claims under the laws of the United States, the State of Illinois or any other state, for discrimination based upon sex, race, age, national origin, religion, handicap, disability or other protected status, or for retaliation. Class Representative represents that she knows of no claim that has not been released by this paragraph.

### 4. Gross Settlement Amount and its Allocation; Net Settlement Amount

The term "Gross Settlement Amount" means all funds that Defendant will pay to settle the claims of Class Members in the Action. If there are 4,013 Class Members, the Gross Settlement Amount shall be $3,210,400. If there are more than 4,013 Class Members, the Gross Settlement Amount will increase by $800 for each additional Class Member above 4,013. If there are less than 4,013 Class Members, the Gross Settlement Amount will decrease by $800 for each Class Member less than 4,013. From the Gross Settlement Amount, the following payments shall be made: (i) payment to Class Members for claims under BIPA; (ii) the court-approved Service Award of up to $7,500 for the Class Representative; (iii) the Settlement Administrator's costs of up to $30,000; and (iv) court-approved attorneys' fees of up to $1,054,966 and litigation expenses of up to $8,000 for Werman Salas P.C. ("Class Counsel"). The term "Net Settlement Amount" means the Gross Settlement Amount minus the Court approved deductions for the Class Representative's Service Award, the Settlement Administrator's costs, and Class Counsel's attorneys' fees and costs.

**5.** **Settlement Administration**

The Parties have selected Analytics Consulting, LLC ("Settlement Administrator") to administer this settlement. The Settlement Administrator's costs, capped at $30,000, shall be paid from the Gross Settlement Fund. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

**6.** **Timeline of Settlement Events**

The Parties contemplate the following timeline for settlement events. The date of Preliminary Approval is the base timeline for all actions. The Parties contemplate presenting this Settlement Agreement to the Court for Preliminary Approval as soon as is reasonably possible.

    a. Within seven (7) days after Preliminary Approval, Defendant will provide the Settlement Administrator and Class Counsel with a class list that shall contain Class Members' names, last-known addresses, last known phone numbers, and social security numbers. Defendant will provide a declaration from Defendant's employee who compiled class list. The Parties will discuss representations that need to be in the declaration.

    b. The Settlement Administrator will mail a Class Notice to Class Members in accordance with Section V.11(b) of this Settlement Agreement within fourteen (14) days after the Court grants preliminary approval of the settlement.

    c. All objections to the Settlement and requests for exclusion from the Settlement must be postmarked to the Settlement Administrator within sixty (60) days from the date of the mailing of the Class Notice to Class Members.

d. Class Counsel shall file a motion for attorneys' fees, litigation costs, settlement administration costs, and the Class Representative's Service Award within forty-five (45) days from the date of the mailing of the Class Notice to Class Members.

e. Class Counsel will file a Motion for Final Approval of this Settlement within seven (7) days before the Final Approval Hearing or such other date as set by the Court.

f. No later than seven (7) days after the Effective Date, Defendant will transfer the Gross Settlement Amount to a qualified settlement fund account established by the Settlement Administrator.

g. Within ten (10) days of the Effective Date, the Settlement Administrator will deliver the award of attorneys' fees and litigation expenses to Class Counsel by wire transfer. Within twenty-one (21) days of the Effective Date the Settlement Administrator (1) shall deliver to Class Counsel the Class Representative's pro rata settlement award from the Net Settlement Amount and the Class Representative's Service Award, and (2) shall mail Class Members who do not exclude themselves from the settlement their pro rata settlement awards from the Net Settlement Amount.

h. The deadline for recipients to cash checks will be one hundred and fifty (150) days from the date the checks are issued by the Settlement Administrator.

7. **Pro Rata Distribution to Class Members; Tax Treatment**

a. The Class Members' will receive pro rata shares of the Net Settlement Amount, which is estimated to equal $2,109,934.

b. For income tax purposes, the Parties agree that Class Member settlement awards shall be allocated as non-wage income and shall not be subject to required withholdings

8

and deductions and shall be reported as non-wage income if required by law. The Service Award shall be allocated as non-wage income and shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law. If required by IRS regulations, the Settlement Administrator shall issue to each Class Member who receives and cashes a settlement check, and the Class Representative who cashes her Service Award, an IRS Form 1099. Other than the reporting requirements herein, Class Members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement.

8. **Fees Award and Service Awards**

a. Class Counsel shall request that the Court award them up to one-third of the Gross Settlement Amount as attorneys' fees plus litigation costs of up to $8,000.

b. The attorneys' fees and litigation expenses award approved by the Court shall be paid to Class Counsel from the Gross Settlement Amount as set forth in Sections V.6 and V.7.

c. Class Counsel may appeal the allocation of Class Counsel's attorneys' fees and litigation expenses should the sum awarded by the Court fall below the amount requested by Class Counsel, provided that the request Class Counsel makes is consistent with the Settlement Agreement. If Class Counsel elects not to appeal or if the Court of Appeals affirms the decision, only the reduced amounts will be deemed to be Class Counsel's attorneys' fees and litigation expenses for purposes of this Settlement Agreement. Any amounts for Class Counsel's attorneys' fees and litigation expenses not awarded shall be added to the Net Settlement Amount available for distribution to Class Members as settlement awards.

       d.     The payment of the fees and litigation expenses award to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or litigation expenses in the Action incurred by any attorney on behalf of the Class Representative and the Class Members, and shall relieve Defendant, the Released Parties, the Settlement Administrator, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Class Representative and the Class Members. In exchange for such payment, Class Counsel will release and forever discharge any attorneys' lien on the Gross Settlement Amount.

       e.     Class Counsel will apply for a "Service Award" of up to $7,500 for the Class Representative, to be paid for her time and effort spent conferring with Class Counsel, filing and pursuing the Action in her own name, recovering compensation on behalf of all Class Members, and providing a general release of claims. Defendant agrees not to oppose such application, so long as it is consistent with the provisions of this Settlement Agreement. The Service Award shall be paid from the Gross Settlement Amount, in addition to the Class Representative's settlement award, in the form of a check, and the award shall be subject to Court approval. Any amounts for the Service Award not awarded shall be added to the Net Settlement Amount available for distribution to Settlement Class Members.

**9.**    **Uncashed Checks**

Any checks that remain uncashed after one hundred and fifty (150) days from the date they are issued by the Settlement Administrator shall be deemed void. The Settlement Administrator will distribute funds from each of these uncashed checks to the Illinois unclaimed property fund,

if the Settlement is approved in federal court, or to *cy pres* recipient(s) approved by the court if the Settlement is approved in state court.

10. **Responsibilities of the Parties**

a. The parties shall perform all duties as stated in this Settlement Agreement.

b. If Defendant intends to communicate with current employee Class Members regarding the Settlement, Defendant shall first provide its proposed communication to Class Counsel and the Parties will work together to agree on the communication. The Parties agree that any communication must be consistent with the Class Notice approved by the Court. Except as provided above in this paragraph, Defendant shall refrain from initiating communications with Class Members regarding the Settlement. If any Class Members communicate with Defendant or its agents regarding the Settlement, Defendant shall direct these Class Members to contact Class Counsel or the Settlement Administrator.

11. Notice/Approval of Settlement and Settlement Implementation

As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, notifying Class Members, obtaining final Court approval of the Settlement, and processing the settlement awards:

a. Preliminary Approval Hearing. The Class Representative shall file an Unopposed Motion for Preliminary Approval of the Settlement ("Preliminary Approval") as soon as reasonably possible. With the motion for Preliminary Approval, the Class Representative will submit this Settlement Agreement, which sets forth the terms of this Settlement, and will include proposed form of Class Notice and other documents as attached hereto necessary to implement the Settlement Agreement.

      b.    <u>Notice to Class Members</u>.  Notice of the Settlement shall be provided to Class Members, and Class Members shall submit any objections to the Settlement, and/or requests for exclusion from the Class, using the following procedures:

      (1)    <u>Settlement Administration</u>.  The Settlement Administrator shall administer the Settlement on the timetable stated in Section IV.6 of this Settlement Agreement and complete such other tasks as the Parties mutually agree or the Court orders to be performed in the administration of the Settlement.

      (2)    <u>Notice to Class Members</u>.  On the timetable specified in Section IV.6 of this Settlement Agreement, the Settlement Administrator shall send a copy of the Class Notice, attached hereto as Attachment A, to Class Members via First Class regular U.S. mail.  The Class Notice will be mailed using the most current mailing address information, which the Settlement Administrator shall obtain by running each Class Member's name and address through the National Change of Address (NCOA) database or comparable databases. The front of the envelopes containing the Class Notice will be marked with words identifying the contents as important and/or time sensitive.  The Class Notice for each Class Member will include the estimated amount that Class Member will receive. For Class Members whose notices are returned as undeliverable without a forwarding address, the Settlement Administrator shall promptly run a search in Accurint or conduct a similar database search to locate an updated address and shall promptly mail the notice to the updated address.  If after this second mailing, the Class Notice is again returned as undelivered, and if no other forwarding address is available, the notice mailing process shall end for that Class Member.

(3)    <u>Updated Contact Information</u>

Class Members should contact the Settlement Administrator to update their mailing addresses. Class Counsel will forward any updated contact information it receives from Class Members to the Settlement Administrator. The Settlement Administrator will reissue the Class Notice to any Class Members who provide updated contact information prior to the "Objection/Exclusion Deadline Date," as defined in Section IV.12.

**12.    <u>Procedure for Objecting to or Requesting Exclusion from Class Action Settlement</u>**

a.    <u>Procedure for Objecting</u>.   The Class Notice shall provide that Class Members who wish to object to the Settlement must mail a written statement to the Settlement Administrator with all factual and legal grounds for their objection.  Such written statement must be postmarked no later than sixty (60) days after the date the Class Notice is first mailed (the "Objection/Exclusion Deadline Date").  No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing (if such Class Member does intend to appear either personally or through counsel), and/or copies of any written objections or briefs, shall have been mailed to the Settlement Administrator on or before the Objection/Exclusion Deadline Date.  The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. No later than three (3) days after receiving objections, the Settlement Administrator shall furnish Class Counsel and Defendant's Counsel copies of objections received from Class Members. Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have

waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

   b. <u>Procedure for Requesting Exclusion</u>.  The Class Notice shall provide that Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class by mail or email to the Settlement Administrator on or before the Objection/Exclusion Deadline Date.  Such written request for exclusion must contain the Class Member's full name, address, telephone number, and the last four digits of his or her social security number, a statement that the Class Member wishes to be excluded from the Settlement, and must be personally signed by the Class Member. The date of the postmark on the return mailing envelope or the timestamp on the electronic submission shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Any Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon. No later than three (3) days after receiving a request for exclusion the Settlement Administrator shall furnish to Class Counsel and Defendant's Counsel with a copy of that request for exclusion.

  **13.** **<u>No Solicitation of Settlement Objections or Exclusions</u>**

   The Parties agree to use their best efforts to carry out the terms of this Settlement.  At no time shall either Party or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or requests for exclusion from the Class, or appeal from the Court's Final Judgment.

**14.**      **Final Settlement Approval Hearing**

Upon expiration of the Objection/Exclusion Deadline Date, with the Court's permission, a Final Approval Hearing shall be conducted to determine final approval of the Settlement Agreement along with the amount payable for (i) an award for attorneys' fees and litigation expenses; (ii) the Settlement Administrator's expenses; and (iii) the Class Representative's Service Award. The Parties shall present a Final Approval Order to the Court for its approval. The Final Approval Order the Parties present to the Court shall provide that the matter will be dismissed with prejudice seven (7) days after the Settlement Administrator files a declaration with the Court confirming that Defendant has fully funded the Gross Settlement Amount.

**15.**      **Defendant's Representations Regarding Biometric Systems**

Defendant represents that it stopped using all systems relying on biometric data in Illinois on January 21, 2020 and, within seven (7) days of entry of final approval, will delete and/or will request deletion of all biometric data for Class Members obtained from those systems.

**16.**      **Venue of Approval**

The venue of approval of this Settlement is not a material term of this Settlement Agreement. Plaintiff intends to seek approval of the Settlement in federal court, but if the Action is remanded to state court Plaintiff will seek approval of the Settlement there. The Parties agree to cooperate to make any non-material changes to the Class Notice and other settlement documents to account for the Settlement being approved in state court, if necessary.

**17.**      **Defendant's Legal Fees**

All of Defendant's own legal fees, costs and expenses incurred in this Action shall be borne by Defendant.

15

### 18. <u>Nullification of Settlement Agreement</u>

This Settlement Agreement is contingent upon final approval of the Settlement Agreement. If: (i) the Court does not enter a final approval order; (ii) the Court does not finally approve the Settlement as provided herein; or (iii) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void, and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void *ab initio*. In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed. Notwithstanding the foregoing, a federal court's refusal to grant final approval is not grounds for nullification if the federal court remands the case to state court. In the event an appeal is filed from the Court's Final Approval Order, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

### 19. <u>Certification of Distribution of Settlement Checks</u>

The Settlement Administrator shall provide Class Counsel with an accounting of the proceeds disbursed, upon request by Class Counsel. Should Class Counsel request such an accounting, Class Counsel will provide a copy of the accounting to Defendant's counsel.

### 20. <u>No Effect on Employee Benefits</u>

The settlement awards and Service Award paid to the Class Representative shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (*e.g.*, 401(k) plans, retirement plans, etc.) of the Class Representative and Class Members. The Parties agree that any settlement awards and Service Awards paid to the

16

Class Representative and Class Members under the terms of this Settlement Agreement do not represent any modification of their previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendant. Further, any settlement awards and Service Awards paid to former employees hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by Defendant.

### 21. <u>Attachments and Headings</u>

The terms of this Settlement Agreement include the terms set forth in the attached Attachments, which are incorporated by this reference as though fully set forth herein. Any Attachments to this Settlement Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement Agreement.

### 22. <u>Amendment or Modification</u>

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

### 23. <u>Entire Agreement</u>

This Settlement Agreement and any Attachments constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Attachments other than the representations, warranties and covenants contained and memorialized in such documents.

### 24. <u>Authorization to Enter into Settlement Agreement</u>

Counsel for all Parties warrant and represent they are expressly authorized by the Parties

whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

25.     **Binding on Successors and Assigns**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

26.     **Illinois Law Governs; Change in Law Will Not Invalidate Settlement**

All terms of this Settlement Agreement and the Attachments hereto shall be governed by and interpreted according to the laws of the State of Illinois. An intervening change in law will not invalidate this Settlement Agreement.

27.     **Counterparts**

This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Electronic signatures compliant with the ESIGN Act and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

28.     **This Settlement is Fair, Adequate and Reasonable**

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action. The Parties further represent and warrant that they believe this

18

Settlement Agreement represents a fair, adequate and reasonable Settlement of this action and that they have arrived at this Settlement Agreement through extensive arms-length negotiations, taking into account all relevant factors, present and potential.

**29.    Jurisdiction of the Court**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

**30.    Cooperation and Drafting**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement.  Hence, in any construction made to this Settlement Agreement, the same shall not be construed against any of the Parties.

**31.    Invalidity of Any Provision**

Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

**32.    Circular 230 Disclaimer**

Each Party to this Settlement Agreement acknowledges and agrees that (1) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Settlement Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230

19

(31 CFR Part 10, as amended); (2) each Party (A) has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, (B) has not entered into this Settlement Agreement based upon the recommendation of any Party or any attorney or advisor to any other Party, and (C) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or adviser to any other Party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the acknowledging party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement.


DATED: _____.     Ebony Jones


_____
Class Representative



DATED: _____.     CBC Restaurant Corp. d/b/a Corner Bakery Cafe


By: _____


Its: _____

20

# ATTACHMENT A

**NOTICE OF CLASS ACTION SETTLEMENT**
*Jones v. CBC Restaurant Corp. d/b/a Corner Bakery Cafe*
Case No. 1:19-cv-06736 (N.D. Ill.)

A federal court in Chicago recently granted preliminary approval of a class action settlement in the case *Jones v. CBC Restaurant Corp. d/b/a Corner Bakery Cafe*, Case No. 1:19-cv-06736 (the "lawsuit"). You are receiving this notice because records show that you worked at a Corner Bakery in Illinois during the time period covered by the lawsuit and are a class member. CBC Restaurant Corp. ("Corner Bakery") has agreed to settle the lawsuit. This notice explains your options. You may:

(1) do nothing and get a settlement payment;

(2) exclude yourself from the settlement and not receive a settlement payment; or

(3) object to the settlement.

Before any money is paid, the Court will decide whether to grant final approval of the settlement.

## 1. What Is this Lawsuit About?

The lawsuit alleges that Corner Bakery violated the Illinois Biometric Information Privacy Act ("BIPA") by requiring employees to use a finger-scan timekeeping and/or point-of-sale system that allegedly collected, stored, and transferred their biometric fingerprint identifiers and information without following the written disclosure, consent, and policy creation requirements of BIPA. The lawsuit does not allege that Corner Bakery's systems were in any way hacked resulting in a disclosure of your information. Corner Bakery has denied all liability and wrongdoing. Both sides agreed to the settlement to resolve the lawsuit. The Court did not decide whether Corner Bakery violated the law.

You can learn more about the lawsuit or review the Settlement Agreement by contacting the Settlement Administrator, Analytics Consulting, LLC at **[email address]**, or Class Counsel, Werman Salas P.C., at (312) 419-1008.

## 2. Who Is Included in the Settlement?

The settlement includes all Corner Bakery employees between April 30, 2014 and January 21, 2020 ("Release Period") who used the company's finger scan timekeeping or point-of-sale systems in Illinois ("Class Members").

## 3. What does the Settlement Provide?

Corner Bakery has agreed to pay $3,210,400 to settle the lawsuit ("Gross Settlement Amount"). The parties estimate that about $2,109,934 ("Net Settlement Amount") will be available for distribution to Class Members. The Net Settlement Amount is the Gross Settlement Amount minus the following deductions, which are subject to Court approval: up to $30,000 for the Settlement Administrator's costs; up to a $7,500 Service Award for the Class Representative, and up to $1,054,966 in Class Counsel's attorneys' fees and $8,000 in litigation costs. **Your estimated recovery in this settlement is $525.77.** Your recovery was calculated by dividing the Net Settlement Amount equally among the 4,013 Class Members.

## 4. What Do I Give Up If I Participate in the Settlement?

Unless you exclude yourself from the settlement as explained below, you will release Corner Bakery and its affiliated companies, employees, agents, vendors, and insurers from all legal claims you could

pursue against them based on allegations that they improperly collected, stored, used, disclosed, or transferred your fingerprint data. This release of claims is further explained in the Settlement Agreement.

## 5. What Are My Options?

(1) If you want to participate in the settlement and receive a settlement payment, do nothing. A check will be mailed to you if the Court grants final approval of the settlement.

(2) If you do not want to be legally bound by the settlement, you must exclude yourself by **DATE 60 DAYS FROM NOTICE MAILING**. To do so, you must mail or email your written request for exclusion to the Settlement Administrator (contact information in Section 9 below). Your written request for exclusion must include your full name, address, telephone number, the last four digits of your Social Security Number, a statement that you wish to be excluded from the settlement, and it must be personally signed by you. If you exclude yourself, you will not receive money from this settlement, but you will retain your legal rights regarding any claims that you may have based on your use of a finger-scan timekeeping or point-of-sale system at Corner Bakery.

(3) You may object to the settlement by **DATE 60 DAYS FROM NOTICE MAILING** if you have not already excluded yourself from the settlement. If you want to object to the settlement, you must mail a written statement to the Settlement Administrator with all factual and legal grounds for your objection. No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing (if such Class Member does intend to appear either personally or through counsel), and/or copies of any written objections or briefs, shall have been mailed to the Settlement Administrator on or before the deadline above.

## 6. Who are my lawyers and How Will They Be Paid?

The Court has appointed the lawyers below from Werman Salas P.C. as Class Counsel to represent Class Members. You will not be charged for these lawyers. The lawyers will file a request for up to $1,054,966 from the Gross Settlement Amount as attorneys' fees plus $8,000 in litigation costs. You can review a copy of Class Counsel's request for fees and costs by contacting the Settlement Administrator after Fee Petition Filing Deadline.

Class Counsel
Douglas M. Werman
Maureen A. Salas
Zachary C. Flowerree
Sarah J. Arendt
Werman Salas P.C.
77 West Washington St., Ste. 1402
Chicago, IL 60602
(312) 419-1008

If you want to be represented by your own lawyer, you may hire one at your own expense.

## 7. How do I update my Contact Information?

You must notify the Settlement Administrator of any changes in your mailing address so that your settlement award will be mailed to the correct address. To update your address, contact the Settlement Administrator, listed in Section 9 below.

### 8. When is the Final Approval Hearing?

The Court will hold a hearing in this case on <mark>FINAL APPROVAL HEARING DATE</mark>, in Courtroom 1903 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604 at _____ a.m./p.m., to consider, among other things, (1) whether to grant final approval of the settlement; (2) a request by the lawyers representing all class members for an award of up to $1,054,966 in attorneys' fees and $8,000 in litigation costs; (3) a request for up to $30,000 for the Settlement Administrator's costs; and (4) a request for a Service Award of $7,500 for Class Representative Ebony Jones in recognition of her work in filing this lawsuit in her own name and recovering money for Class Members. You may appear at the hearing, but you are not required to do so.

### 9. Who Do I Contact If I Have Questions?

If you have any questions or for more information about the lawsuit or settlement, contact the Settlement Administrator or Class Counsel at:

| **Settlement Administrator** | **Class Counsel** |
|:---:|:---:|
| Analytics Consulting, LLC | Douglas M. Werman |
| Address Line 1 | Zachary C. Flowerree |
| Address Line 2 | Werman Salas P.C. |
| Email Address | 77 West Washington St., Ste. 1402 |
| | Chicago, IL 60602 |
| | (312) 419-1008 |