# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EBONY JONES, on behalf of herself and others similarly situated, | |
| Plaintiff, | Civil Action No. 1:19-cv-06736 |
| v. | Judge Jorge L. Alonso |
| CBC RESTAURANT CORP d/b/a CORNER BAKERY CAFE, | |
| Defendant. | |

## DECLARATION OF DOUGLAS M. WERMAN

I, Douglas M. Werman, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1. I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

2. I am a member in good standing of the Illinois State Bar and am the managing shareholder of Werman Salas P.C.

3. I have been one of the lawyers responsible for the prosecution of Plaintiff's claims on behalf of the proposed Class. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**My Experience**

4. I graduated from Loyola University of Chicago's School of Law in 1990. I received my undergraduate degree from the University of Illinois, Champaign-Urbana, in 1987. I was admitted to practice law in the State of Illinois in 1990.

5. I am admitted in the following courts:

1

| COURT OF ADMISSION | DATE OF ADMISSION |
|---|---|
| **State Admissions** | |
| State of Illinois | November 8, 1990 |
| **U.S. District Courts** | |
| Northern District of Illinois | December 20, 1990 |
| Western District of Michigan | June 24, 1999 |
| Central District of Illinois | March 30, 2001 |
| Eastern District of Michigan | March 25, 2003 |
| Southern District of Illinois | April 4, 2010 |
| Northern District of Indiana | October 25, 2010 |
| Western District of New York | July 22, 2015 |
| Federal Claims Court | August 13, 2015 |
| Southern District of Indiana | November 5, 2015 |
| Eastern District of Arkansas | December 4, 2015 |
| District of Colorado | June 6, 2017 |
| **U.S. Circuit Courts** | |
| Seventh Circuit Court of Appeals | August 4, 1994 |
| Second Circuit Court of Appeals | November 21, 2013 |
| Eleventh Circuit Court of Appeals | May 6, 2015 |
| Tenth Circuit Court of Appeals | April 21, 2016 |
| Ninth Circuit of Appeals | May 20, 2016 |

6.  I am an experienced class action lawyer, having appeared in more than eight hundred (800) cases filed in the state and federal courts in the last 20 years. The majority of these cases were pleaded as collective or class actions under Fed. R. Civ. P. 23.  I have been appointed class counsel in scores of cases, including by not limited to:

- *Alvarado v. Int'l Laser Prods., Inc.*, No. 18 C 7756, 2019 WL 3337995 (N.D. Ill. June 19, 2019) (contested certified class in case alleging violations of the Biometric Information Privacy Act (BIPA) for improper collection, possession, and transfer of employees' biometric fingerprint identifiers and information);
- *Adams v. World Hyundai of Matteson LLC*, 2018-CH-15640, Final Approval Order (July 10, 2019) (Cohen, J.) (certified settlement class in case alleging violations of the Biometric Information Privacy Act for improper collection, possession, and transfer of employees' biometric fingerprint identifiers and information);
- *Trost v. Pretium Packaging, LLC,* Case No. 20-3603, Preliminary Approval Order (Cir. Ct. Cook Cnty, Ill. May 8, 2020 (same);
- *Guerrero v. Bob's Discount Furniture, LLC*, Case No. 2019-CH-01046, Preliminary Approval Order (Cir. Ct. Cook Cnty, Ill. Nov. 18, 2019) (Meyerson, J.) (same); *Kiefer v. Bob Evans Farms, LLC*, Case No. 17-L-112, Preliminary Approval Order (Cir. Ct. Tazewell Cnty., Ill. Oct. 18, 2019) (same);

- *Phillips v. Warehouse Services, Inc.*, No. 2019-CH-01183, Preliminary Approval Order (Cir. Ct. Cook Cnty., Ill. Dec. 19, 2019) (same);
- *Briggs, et al. v. RhinoAG, Inc.*, No. 2019-CH-12, Preliminary Approval Order (Cir. Ct. Ford Cnty. Jan. 2, 2020) (same);
- *Ortiz v. Manpower, Inc.,* No. 12 C 5248 (N.D. Ill. August 21, 2012) (class action for unpaid wages certified under F.R.C.P. 23 for over 85,000 employees);
- *Arrez v. Kelly Services, Inc.,* No. 07 C 1289 (N.D. Ill.) (class action for unpaid wages certified under F.R.C.P. 23 for over 95,000 employees);
- *Polk v. Adecco*, No. 06 CH 13405 (Cook County, Il.) (class action for unpaid wages for certified under Illinois law for over 36,000 employees);
- *Robbins v. Blazin Wings, Inc.,* No. 15-CV-6340 CJS, 2016 WL 1068201, at *1 (W.D.N.Y. Mar. 18, 2016) (FLSA certification of a collective of 62,000 tipped employees);
- *Martignago, et al v. Merrill Lynch & Co., Inc*., Case No. 11-cv-03923-PGG (multi-state class action certified for over 10,000 employees);
- *Hart v. Barbecue Integrated Inc., d/b/a Smokey Bones.* No. 17-cv-227 (D.S.C.);
- *Garcia v. JC Penney Corp., Inc.*, No. 12-CV-3687, 2016 WL 878203 (N.D. Ill. Mar. 8, 2016) (class action for owed pay for over 36,000 employees);
- *Haschak v. Fox & Hound Rest. Grp.,* No. 10 C 8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14, 2012) (F.R.C.P. 23 class certification for over 6,000 employees);
- *Schaefer v. Walker Bros. Enters., Inc.,* No. 10 C 6366, 2012 U.S. Dist. LEXIS 65432, at *4 (N.D. Ill. May 7, 2012) (F.R.C.P. 23 class certification for over Illinois tipped employees);
- *Kernats v. Comcast Corp. Inc.,* Nos. 09 C 3368 and 09 C 4305, 2010 U.S. Dist. LEXIS 112071 (N.D. Ill. Oct. 20, 2010) (F.R.C.P. 23 class certification granted for over 8,000 Illinois employees);
- *Magpayo v. Advocate Health & Hosps. Corp.,* No. 16-CV-01176, 2018 WL 950093, at *1 (N.D. Ill. Feb. 20, 2018) (certifying Illinois state law claims under F.R.C.P. 23);
- *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010) & *Driver,* No. 06 C 6149, 2012 U.S. Dist. LEXIS 27659, at *15 (N.D. Ill. Mar. 2, 2012) (FRCP 23 class certification for 19,000 tipped employees, decertification denied);
- Schmidt v. Smith & Wollensky, 268 F.R.D. 323 (N.D. Ill. 2010) (F.R.C.P. 23 class certification for Illinois tipped employees);
- *Hardaway v. Employbridge of Dallas, et al*., No. 11 C 3200 (N.D. Ill.); *Williams v. Volt*, No. 10 C 3927 (N.D. Ill.) (IWPCA class action for owed pay for over 15,000 employees);
- *Rosales v. Randstad*, No. 09 C 1706 (N.D. Ill.) (class action certified under F.R.C.P. 23 for owed pay for over 20,000 employees);
- *Rusin v. Chicago Tribune,* No. 12 C 1135 (N.D. Ill. February 5, 2013);
- *Peraza v. Dominick's Finer Foods, LLC,* No. 11 C 8390 (N.D. Ill. November 20, 2012);
- *Cope v. Let's Eat Out, Inc.,* 354 F. Supp. 3d 976 (W.D. Mo. 2019) (denying motion to decertify F.R.C.P. 23 class action under Missouri law and FLSA collective action);

  7.  Several federal courts have recognized the expertise that my firm and I possess in collective and class action litigation. For example:

3

- "Courts recognize Plaintiffs' Counsel as leaders in advocating the rights of [] workers throughout the United States." *Osman, et al. v. Grube, Inc., et al.* 2018 WL 2095172, at *4 (N.D. Ohio May 4, 2018);

- Douglas Werman and Werman Salas P.C. are "national leaders in advocating the rights of working people … " and describing Mr. Werman as a "highly respected and experienced lawyer[]…" *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2017 WL 1425837, at *5-7 (N.D. Ill., Apr. 20, 2017);

- Awarding Werman Salas P.C. attorney's fees and stating that Mr. Werman and his firm are "… national leaders in advocating the rights of working people in wage and hour litigation. *Knox v. Jones Grp.,* No. 15-CV-1738 SEB-TAB, 2017 WL 3834929, at *5 (S.D. Ind. Aug. 31, 2017);

- Describing Mr. Werman as a "highly experienced attorney" in class actions. *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010) (Castillo, C.J.).

8.  I am a frequent speaker on issues relating to class and collective actions, particular under state and federal labor laws. A non-exhaustive list of some of my speaking engagements include:

| National Employment Lawyers Association, Denver, 2019 | Strategies for Litigating Mass Individual Arbitrations |
| --- | --- |
| Chicago Bar Association, 2018 | What's Hot (and not) in Class Action Litigation |
| Chicago Bar Association, 2017, Chicago Fall Seminar on Wage and Hour Litigation | Settlement Strategies: Mediation and Court Approved Settlements in Wage and Hour Litigation |
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Co-Counseling & Cooperating with Other Plaintiffs' Lawyers |
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Who is an Employer & Who is an Employee? |
| Federal Bar Association, Chicago Chapter, Moderator, 2016 | Enforcement and Litigation Priorities: EEOC, NLRB, DOL |
| National Employment Lawyers Association National Convention, Washington, D.C., 2015 | Settlement Issues in Settling Wage and Hour Class and Collective Actions |
| American Bar Association, Fair Labor Standards Legislation Committee, Puerto Vallarta, Mexico 2015 | Litigation Issues in Wage and Hour Class and Collective Actions |
| Bridgeport Legal Conferences, Wage and Hour Class Action, Chicago, 2015 | Settlement of Wage and Hour Class Actions |

4

| | |
|---|---|
| Practicing Law Institute, Chicago, 2013, 2014, 2015 | FLSA Wage and Hour Update |
| Chicago Bar Association, Class Litigation Committee, 2011 | Current Terrain in Class Action Litigation |
| Illinois Institute of Continuing Legal Education, 2008 | Litigating Class Action Claims |
| AFL-CIO Lawyers Coordinating Committee, 2008 | Arbitrating Wage and Hour Cases |

9. I believe the settlement in the above-captioned action is fair, reasonable, and adequate.

10. My firm's experience in these class actions, and my experience in particular, has provided my firm an expertise in the legal, factual, management, notice, and administration issues that characterize these types of class actions. My firm employs highly capable staff experienced in the size and logistical challenges of class action litigation.

11. My firm has devoted, and will continue to devote, its time and resources to pursuing the class action Biometric Information Privacy Act claims in this matter on a contingent-fee basis.

12. My firm has the resources to meet the economic burden of this litigation.

13. Werman Salas P.C. has no interest adverse to, or in conflict with, those of the putative classes in this action.

13. Werman Salas P.C. is familiar with the obligations and burdens of representing a class and is competent and capable of representing the proposed Classes in this case. In my opinion, Werman Salas P.C. is qualified by its substantial experience, knowledge, and resources to act as counsel and represent the proposed Classes in this lawsuit.

5

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct.

Executed on May 22, 2020.

*[signature: Doug Wer...]*

Douglas M. Werman