# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EBONY JONES, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CBC RESTAURANT CORP d/b/a CORNER BAKERY CAFE, <br><br> Defendant. | Civil Action No. 1:19-cv-06736 <br><br> Judge Jorge L. Alonso |

**DECLARATION OF ZACHARY C. FLOWERREE**

Pursuant to 28 U.S.C. § 1746, I, Zachary C. Flowerree, declare as follows:

1. I submit this Declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

2. I am a Partner at Werman Salas P.C. I am one of Plaintiff's counsel in the above-captioned lawsuit. Except as expressly noted otherwise, this Declaration is based on my personal knowledge. If called as a witness to testify to the facts in this Declaration, I could and would testify to them.

3. I graduated, *with honors*, from The University of Chicago Law School in June 2011. While in law school, I was a student attorney in the Mandel Legal Aid Clinic's Employment Discrimination Project, a staff member of the *University of Chicago Legal Forum*, and a semi-finalist in the University of Chicago's Hinton Moot Court Competition. I received a Bachelor of Arts Degree, *summa cum laude*, from the University of South Florida in 2007.

4. From October 2011 through April 2014, I worked as an Associate in the Labor and Employment-Relations Department at Winston & Strawn LLP in Chicago, Illinois. At

1

Winston & Strawn, I represented employers in federal and state courts and administrative agencies throughout the country, including in class actions.

5. Since joining Werman Salas P.C. in June 2014, my practice has focused on representing employees in class and collective actions.

6. I have been appointed class counsel in the following cases: *Davis v. A Sure Wing, LLC*, Case No. 3:15-cv-01384-SCW, ECF No. 55 (S.D. Ill. Aug. 29, 2016) (certified settlement class of 1,951 tipped employees of restaurant franchise alleging violations of the tip-credit provisions of the Missouri Minimum Wage Law and Illinois Minimum Wage Law); *Steward v. Colonial Ice Cream, Inc. d/b/a Colonial Cafe & Ice Cream*, Case No. 1:15-cv-02284, ECF No. 100 (N.D. Ill. May 3, 2016) (certified settlement class of 457 tipped employees alleging violations of the tip-credit provisions of the Illinois Minimum Wage Law); *Sanchez v. Roka Akor Chicago LLC*, Case No. 1:14-cv-0645, ECF No. 70 (N.D. Ill. Jan. 7, 2016) (contested certified class of 62 servers alleging violations of the tip-credit provisions of the Illinois Minimum Wage Law); *Cope v. Let's Eat Out, Incorporated*, Case No. 6:16-cv-03050-SRB (W.D. Mo. May 10, 2017) (contested certified classes of 993 tipped employees alleging violations of the Missouri Minimum Wage Act and the Missouri common law); *Adams v. World Hyundai of Matteson LLC*, 2018-CH-15640, Preliminary Approval Order (Cir. Ct. Cook Cnty., Ill. July 10, 2019) (certified settlement class of 204 employees in case alleging violations of the Biometric Information Privacy Act for improper collection, possession, and transfer of employees' biometric fingerprint identifiers and information); *Guerrero v. Bob's Discount Furniture, LLC*, Case No. 2019-CH-01046, Preliminary Approval Order (Cir. Ct. Cook Cnty, Ill. Nov. 18, 2019) (same for 165 person class, which was later expanded to 225 class members); *Kiefer v. Bob Evans Farms, LLC*, Case No. 17-L-112, Preliminary Approval Order (Cir. Ct. Tazewell Cnty., Ill. Oct. 18, 2019)

(same for 1,504 person class); *Phillips v. Warehouse Services, Inc.*, No. 2019-CH-01183, Preliminary Approval Order (Cir. Ct. Cook Cnty., Ill. Dec. 19, 2019) (same for 655 person class); *Briggs, et al. v. RhinoAG, Inc.*, No. 2019-CH-12, Preliminary Approval Order (Cir. Ct. Ford Cnty., Ill. Jan. 2, 2020) (same for 202 person class); *Anderson v. Dana Hotel, LLC*, No. 2019-CH06098, Preliminary Approval Order (Cir. Ct. Cook Cnty., Ill. March 3, 2020) (same for 60 person class); *Trost v. Pretium Packaging, L.L.C.*, No. 2020-CH-03606, Preliminary Approval Order (Cir. Ct. Cook Cnty., Ill. May 8, 2020) (same for 1,728 person class).

7. Our law firm has been actively developing and litigating more than two dozen potential class actions alleging similar violations of the Biometric Information Privacy Act as are alleged in this case. I have been appointed class counsel for settlement purposes in seven cases similar to this one on behalf of employees alleging violations of the Biometric Information Privacy Act based on biometric timekeeping systems. *See* Paragraph 6, *supra*.

8. I have been involved in every stage of the above-captioned litigation, including interviewing the Class Representative, drafting and editing pleadings, drafting the response to Defendant's motion to dismiss, preparing the mediation materials, negotiating the settlement at the mediation, and drafting and negotiating the settlement documents.

9. I believe the Settlement in the above-captioned case is fair, reasonable, and adequate. If Plaintiff and the potential class prevailed on their claims, I believe the expected recovery would have been $1,000 to $3,000 per class member, depending on whether the Court allowed separate recovery under each Count of Plaintiff's Complaint. *See* 740 ILCS 14/20(1). But Plaintiff and the potential class faced a total loss if Defendant prevailed on its motion to dismiss, which argued that the Biometric Information Privacy Act was unconstitutional for three reasons: (1) that BIPA's minimum liquidated damages scheme violated the Separation of Powers

provision of the Illinois Constitution by usurping the judiciary's authority to determine the proper amount of damages; (2) that BIPA violated the Equal Protection and Due Process clauses of the United States Constitution by arbitrarily excluding financial institutions and government contractors from coverage and by imposing minimum liquidated damages with no rational relation to any legitimate state interest; and (3) that BIPA violated the Special Legislation provision of the Illinois Constitution by arbitrarily excluding financial institutions and government contractors from coverage. And even if Plaintiff defeated the motion to dismiss, Defendant would likely have pursued additional defenses that defendants have asserted in similar BIPA litigation I have been involved in, including that employment-based BIPA claims are preempted by the Workers' Compensation Act, that Defendant's technology does not collect biometric data covered by BIPA, that Defendant's alleged violations of BIPA were not "negligent," and that the claims were barred by the statute of limitations. There is no controlling under BIPA on any of the defenses that Defendant raised in its motion to dismiss or likely would have raised later in the litigation if Plaintiff defeated the motion to dismiss. As a result, I believe the litigation would have been protracted and involved likely appeals. In light of the risk of loss and delay associated with continued litigation, I believe this Settlement provides Class Members with significant relief in exchange for a reasonable release of claims.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2020

Zachary C. Flowerree