# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EBONY JONES, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CBC RESTAURANT CORP d/b/a CORNER BAKERY CAFE, <br><br> Defendant. | Civil Action No. 1:19-cv-06736 <br><br> Judge Jorge L. Alonso |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

This matter having come before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("the Motion"), the Court having reviewed and considered the Motion, the supporting Memorandum of Law and attached exhibits, including the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") and its attachments, and the Court being fully advised in the premises,

IT IS ORDERED AS FOLLOWS:

1. Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2. The Court finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate.

3. The Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

4. The Court finds, on a preliminary basis, that Class Counsel has adequately represented the proposed Class Members, which are defined as follows:

All of Defendant's workers who used a finger-scan timekeeping system or biometric tracking system at a Corner Bakery in Illinois during the "Class Period" of August 30, 2014 to January 21, 2020 ("Class Members").

5. The Court finds that notice to the proposed Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2) and (ii) certify the proposed class for purposes of settlement.

6. For settlement purposes only, the Court appoints Ebony Jones as the Class Representative.

7. For settlement purposes only, the Court appoints as Class Counsel:

> Douglas M. Werman
> Maureen A. Salas
> Zachary C. Flowerree
> Sarah J. Arendt
> Werman Salas P.C.
> 77 West Washington Street, Suite 1402
> Chicago, IL 60602

8. The Court appoints Analytics Consulting, LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement or ordered by this Court.

9. The Court finds that direct mail distribution of the proposed Notice of Class Action Settlement ("Notice") is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides Class Members with all of the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

10. Any Class Member may submit a request for exclusion from the Settlement to the Settlement Administrator on or before the Objection/Exclusion Deadline Date (60 days from Notice mailing). Such written request for exclusion must contain the Class Member's full name, address, telephone number, and the last four digits of his or her social security number, a statement that the Class Member wishes to be excluded from the Settlement, and must be personally signed by the Class Member. The date of the postmark on the return mailing envelope or the timestamp on the electronic submission shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.

11. Any Class Member who does not request to be excluded from the Settlement may object to this Settlement. To do so, the Class Member must mail a written statement to the Settlement Administrator with all factual and legal grounds for their objection. Such written statement must be postmarked no later than the Objection/Exclusion Deadline Date. No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing (if such Class Member does intend to appear either personally or through counsel), and/or copies of any written objections or briefs, shall have been mailed to the Settlement Administrator on or before the Objection/Exclusion Deadline Date. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. Class Members who fail to submit timely written objections in the

manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

12. Class Counsel shall file a motion for attorneys' fees and costs, the Class Representative's Service Award, and the Settlement Administrator's costs within 15 days of the Objection/Exclusion Deadline Date. Class Counsel shall provide a copy of the motion to the Settlement Administrator so that Class Members may obtain a copy.

13. Class Counsel shall file a motion for final approval of the Settlement by _____.

14. The Court schedules a Final Approval Hearing for _____, 2020 in Courtroom 1903 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 at __:__ a.m./p.m., to consider, among other things, (1) whether to finally approve the Settlement; (2) whether to approve Class Counsel's request for attorneys' fees and litigation costs; and (3) whether to approve the Class Representative's request for an incentive award.

15. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a Final Judgment approving the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

Entered: _____, 2020        _____
                                            Hon. Jorge L. Alonso