UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EBONY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-6736 |
| | ) | |
| v. | ) | Hon. Jorge L. Alonso |
| | ) | |
| CBC RESTAURANT CORP. d/b/a CORNER BAKERY CAFE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff's motion [35] for preliminary approval of settlement agreement is denied without prejudice. The parties are granted 56 days to file a new motion for preliminary approval and a new proposed class notice.

**STATEMENT**

Plaintiff Ebony Jones ("Jones") filed in the Circuit Court of Cook County a three-count complaint asserting claims under the Illinois Biometric Information Privacy Act ("BIPA"). Defendant removed the case to this Court on the basis of diversity jurisdiction and the Class Action Fairness Act. (Amended Notice of Removal/Docket 15).[1] Plaintiff has now filed an unopposed motion for preliminary approval of class-action settlement.

Under the settlement the parties propose, defendants agree to pay $3,210,400.00, which amounts to $800 for each of 4,013 class members. (The parties agree that the amount will increase or decrease by $800.00 for each class member added to or subtracted from the class, respectively.) Of that, the plaintiff's attorneys plan to seek one third of the settlement fund as fees and up to $8,000.00 in expenses; the named plaintiff expects to request $7,500.00; and the parties expect up to $30,000.00 to be expended to cover the costs of the settlement administrator. After those expenses are deducted from the settlement amount, the parties expect each class member (i.e., anyone within the class definition who does not opt out) to receive roughly

---

[1] Defendant states that plaintiff is a citizen of Illinois, while defendant is a citizen of Delaware (its state of incorporation) and Texas (its principal place of business). Defendant further states that plaintiff has used a biometric timeclock more than 75 times and that the damages for each could be $1,000. In addition, defendant states that over 1,000 employees have used the biometric timeclock and that the amount in controversy is greater than $5,000,000.00. Accordingly, the Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

$525.00 automatically (i.e., without having to make a claim). The parties plan to have the settlement administer send notice by U.S. Mail to class members' last known addresses. For any notices that are returned to sender, the settlement administrator will attempt a second round of notice after attempting to update those addresses using Accurint or a similar database. Finally, defendant has already stopped using systems that rely on biometric data and has agreed to delete (and/or request deletion of) biometric data within seven days after final approval of the proposed settlement.

Parties to a class action may settle a case "only with the court's approval." Fed.R.Civ.P. 23(e). A court may approve a settlement "only after a hearing and only on finding it is fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(2).

The Seventh Circuit has described the dynamics of class action settlements:

> Class counsel rarely have clients to whom they are responsive. The named plaintiffs in a class action, though supposed to be the representatives of the class, are typically chosen by class counsel; the other class members are not parties and have no control over class counsel. The result is an acute conflict of interest between class counsel, whose pecuniary interest is in their fees, and class members, whose pecuniary interest is in the award to the class. Defendants are interested only in the total costs of the settlement to them, and not in the division of the costs between attorneys' fees and payment to class members. We thus have 'remarked the incentive of class counsel, in complicity with the defendant's counsel, to sell out the class by agreeing with the defendant to recommend that the judge approve a settlement involving a meager recovery for the class but generous compensation for the lawyers—the deal that promotes the self-interest of both class counsel and the defendant and is therefore optimal from the standpoint of their private interest.'

*Pearson v. NBTY, Inc.*, 772 F.3d 778, 787 (7th Cir. 2014) (citations omitted); *see also Eubank v. Pella Corp.*, 753 F.3d 718, 719-20 (7th Cir. 2014) ("Class actions are the brainchildren of lawyers who specialize in prosecuting such actions, and in picking class representatives they have no incentive to select persons capable or desirous of monitoring the lawyers' conduct of the litigation.").

Thus, it is important that district judges look out for the interests of class members and that judges be "vigilant" in reviewing class action settlements. *Pearson*, 772 F.3d at 787; *Kaufman v. American Express Travel Related Serv. Co., Inc.*, 877 F.3d 276, 283 (7th Cir. 2017) ("we require district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions") (citations omitted). "Because class actions are rife with potential conflicts of interest between class counsel and class members, district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 785 (7th Cir. 2004) (citations omitted). In fact, the Seventh Circuit has "described the district judge as 'a fiduciary of the class, who is subject

2

therefore to the high duty of care that the law requires of fiduciaries.'" *Pearson*, 772 F.3d at 780 (quoting *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002)).

With that standard in mind, the Court has reviewed the proposed settlement and noticed only a few minor problems with the proposed settlement that prevent the Court from approving the settlement until the problems are corrected.

First, the settlement attempts to limit the ability of the class members: (1) to object to the settlement; (2) to speak at the fairness hearing; and (3) to appeal. (Settlement Agreement at 13-14/Docket 37-1 at 15-16). Rule 23(e)(5)(A) states, "Any class member may object to the proposal if it requires court approval under this subdivision (e). The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection." Fed.R.Civ.P. 23(e)(5)(A). The Court will not allow more to be required of objectors than is required by Rule 23(e)(5)(A). Furthermore, the members' rights to appeal are not up to the parties, and the Court will not approve any limits the parties attempt to place on class members' rights to appeal. Finally, this Court, not the parties, will decide who may speak at the fairness hearing. The Court will not approve the settlement until the parties correct these flaws (and the corresponding portions of the proposed notice).

In addition, the settlement agreement currently states that class members will send any objections and opt-out notices to the settlement administrator, but the Court finds no provision for filing those objections and opt-out notices with the Court. The agreement must either: (1) require the settlement administrator to file the objections and opt-out notices with the Court at the same time it provides them to counsel; or (2) provide that the parties will file the objections and opt-out notices with the Court within 24 hours after the parties receive them from the settlement administrator.

Accordingly, the motion for preliminary approval is denied without prejudice. The parties are granted 56 days to file a new motion for preliminary approval and a new proposed class notice. Such motion should describe the efforts of the named plaintiff, including the number of hours she spent being deposed, the number of hours she spent mediating the case and the number of hours she spent discussing the case with her attorneys.

SO ORDERED.  ENTERED: May 28, 2020

_____
JORGE L. ALONSO
United States District Judge