# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EBONY JONES, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

CBC RESTAURANT CORP d/b/a
CORNER BAKERY CAFE,

    Defendant.

Civil Action No. 1:19-cv-06736

Judge Jorge L. Alonso

## FINAL APPROVAL ORDER

This matter coming before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Request for Attorney's Fees and Litigation Costs, the Court having reviewed and considered the motions, including all supporting documents, and the Court being fully advised in the premises,

    IT IS ORDERED AS FOLLOWS:

1. The Court-approved Class Notice was distributed by the Settlement Administrator to Class Members by direct mail. The Class Notice and the method of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure and constitute the best notice practicable under the circumstances. After reasonable efforts to obtain addresses, the parties were able to notify all but 129 of the 4,053 class members.

2. No Class Member submitted objections or excluded themselves from the Settlement. No Class Member appeared at the Fairness Hearing to object.

3. The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The class is defined as follows:

> All of Defendant's workers who used a finger-scan timekeeping system or biometric tracking system at a Corner Bakery in Illinois during the "Class Period" of August 30, 2014 to January 21, 2020 ("Class Members")

4. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of the Class Representative's and Class Members' claims weighed against the Defendant's defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Amount of $3,242,400.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

5. The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

6. The Court awards $15,550.00 to Analytics Consulting, LLC for its work administering the Settlement, which is payable from the Gross Settlement Amount as described in the Settlement Agreement.

7.  The Court awards Class Counsel $1,054,966.00 in attorney's fees and $7,100.28 in litigation costs, which are payable from the Gross Settlement Amount as described in the Settlement Agreement.

8.  The Court awards the Class Representative a $7,500.00 Service Award, which is payable from the Gross Settlement Amount as described in the Settlement Agreement.

9.  This matter is dismissed without prejudice. The dismissal shall automatically convert to one with prejudice seven (7) days after the Parties file a declaration with the Court confirming that Defendant has fully funded the Gross Settlement Amount.

10.  The Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

Dated: October 22, 2020

_____
Jorge L. Alonso
United States District Judge